## DE MARCO et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. March 10, 1924.)

### No. 2178.

1. **Indictment and information ⬅61—Indictment held sufficient; "federal prohibition agent."**

A demurrer to an indictment under Pen. Code, § 39 (Comp. St. § 10203), charging that one defendant, on behalf of himself and the other defendant, offered money to a named federal prohibition agent and another agent to refrain from reporting them for bribery and for attempting to defraud the United States by the use of forged bottled-in-bond revenue stamps, found on search of defendants' place of business, *held* properly overruled, in view of the bill of particulars which named the other federal agent as it is common knowledge that the term "federal prohibition officer" is used to designate an officer of the federal government charged with the enforcement of the national prohibition statute, and that it is such officer's duty to report the finding of forged revenue stamps.

2. **Bribery ⬅14—Instruction respecting possession of forged revenue stamps held not likely to mislead jury.**

An instruction that no person may have in his possession, use, counterfeit, or forge any government revenue stamp, the purpose of which is to affect the revenue of the United States, and that it is common knowledge that the purpose of such forged stamps is not so much to defraud the government as to defraud the purchaser of whisky, "but that their use and possession is prohibited by law," *held* not objectionable on trial for offering bribe to prohibition agent, as likely to mislead the jury into the belief that innocent possession without fraudulent intent was sufficient for conviction.

3. **Bribery ⬅11—Unexplained concealment of forged revenue stamps held conclusive evidence of fraudulent intent.**

In prosecution for attempting to bribe federal prohibition agent, the unexplained concealment of forged revenue stamps by placing them behind a picture on the wall *held* conclusive evidence of intent to use them fraudulently.

4. **Criminal law ⬅825(3)—Instruction as to entrapment by government officers held sufficient.**

An instruction that, if the jury believed that defendant was arrested as a result of the scheme on the part of a federal prohibition agent to entrap defendant to make him offer a bribe for the purpose of arresting him, that would be an immoral thing which the courts would not sustain, *held* correct as far as it went, in the absence of a request for additional instructions.

5. **Criminal law ⬅37—Evidence held insufficient to show entrapment by federal prohibition agent.**

In a prosecution for attempting to bribe a federal prohibition agent, testimony that the officer requested the gift of a diamond pin from one of defendants *held* to furnish no basis for the defense of entrapment.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Rudolph de Marco and Joseph P. Conti were convicted of attempting to bribe a federal agent, and they bring error, but the writ was dismissed as to Conti. Affirmed.

Henry Bowden, of Norfolk, Va. (D. Arthur Kelsey, Moe Levy, Oast, Kelsey & Jett, and Levy & Mitchell, all of Norfolk, Va., on the brief), for plaintiffs in error.

Lester S. Parsons, Asst. U. S. Atty., of Norfolk, Va. (Paul W. Kear, U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The writ of error was dismissed as to the defendant Conti at his own request.

[1] The demurrer to the indictment was properly overruled. Redundant as was the statement of the charge, it could not be misunderstood. Its meaning was this: On or about August 22, 1922, S. J. Maxey, a federal prohibition agent, and another person unknown, on searching the place of business of the defendants, the Black Cat Café, 119½ Fenchurch street, Norfolk, Va., found a number of forged bottled-in-bond government revenue stamps, which the defendants intended to use for the purpose of defrauding the United States. On the night of August 23, 1922, the defendants met T. J. Maxey and another agent and offered to pay them $150, or any amount they might name, to give them protection, to refrain from reporting them for bribery and attempt to defraud the United States, and to return the forged stamps. In pursuance of the offer, Conti, on behalf of himself and de Marco, paid Maxey, federal prohibition agent, $150 as a bribe.

The indictment was laid under section 39 of Penal Code (Comp. St. § 10203) which makes it a crime to—

"promise, offer, or give, or cause * * * to be promised, offered, or given, any money or other thing of value * * * to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office * * * with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending * * * or to induce him to do or omit to do any act in violation of his lawful duty."

The objections to the indictment seem to us technical in the extreme. Everybody knows that the term "federal prohibition officer" is used to designate an officer of the United States charged with the enforcement of the national prohibition statute. Everybody knows too, that it is the official duty of such officer to report the finding of forged revenue stamps. The charge that Conti paid the money on behalf of himself and de Marco, was a charge that de Marco participated in the payment. The bill of particulars demanded by the defendants removed the only uncertainty in the indictment by stating that the other agent whom the defendants attempted to bribe was Feimster, a federal narcotic agent. It contains no charge not found in the indictment.

It may be well to remark that while the objections to the pleading were technical, the involved and redundant style of the indictment gave rise to them. It seems safe to say the most turgid and stilted English composition now known is found in criminal pleading. Sentences are long and involved, with numerous useless "saids" and "aforesaids." Criminal pleading, above all other writing, calls for simplicity and clearness. If prosecuting officers would cast off the old superfluities and write indictments in plain and direct English, they would relieve judges and jurors of much labor, and promote the due administration of justice.

[2] The defendant complains that the jury were instructed that they could convict on proof of mere possession of forged stamps, without proof of fraudulent intent. This was the language of the judge:

"It seems to be admitted, and the law is that no person may have in his possession or use or counterfeit or forge any government revenue stamp, the purpose of which is to affect the revenue of the United States. These stamps are used, as a witness told you, to enable people who legally have whisky in bonded warehouses to withdraw it for the purpose of selling it to people who are licensed to buy it, and, when it is bought in bottles rather than in bulk, it is required by the statute to mark them with these stamps. Of course, we all know enough of the prohibition situation, to know that one purpose of the use of these stamps is not so much to defraud the government as to defraud the purchaser of the whisky. A man who is disposed to buy whisky and sees one of these government stamps on it is more easily deceived into the belief that it is legitimate goods, to the extent of its purity at any rate. But the use of these stamps and the possession of these stamps is prohibited by law."

It seems evident that the use and possession referred to in the last sentence was the use and possession for the fraudulent purposes which had just been set out for the charge. The jury could not have received the impression that if the defendants innocently had in their possession forged stamps they could be convicted.

[3] Besides, the evidence proved beyond all controversy that if the forged stamps were in possession of the defendants it was a possession with fraudulent intent. The unexplained concealment by placing the stamps behind a picture on the wall was conclusive evidence of intent to use them fraudulently.

[4, 5] On the subject of entrapment, the court said to the jury:

"I do not think a question of entrapment really enters into a situation of that kind, but if you gentlemen are of contrary opinion and believe this was a scheme on the part of Maxey to entrap this man, who was an innocent man, to make him offer a bribe for the purpose of arresting him, that would be an immoral thing which the courts would not sustain."

This was certainly correct as far as it went, and there was no request for anything additional on the subject. But, aside from that, the testimony of Conti about a request of the officer for a gift of his diamond pin, relied on by the defendants, furnished no basis for the defense of entrapment.

Affirmed.